# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JEFFERY CLAUDE McARTHUR,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00636 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **S.W.V.R.J.A. DUFFIELD JAIL,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Jeffery Claude McArthur, Jr., Pro Se Plaintiff.*

The plaintiff, Jeffery Claude McArthur, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. He has complied with financial requirements to proceed without prepayment of the filing costs, pursuant to 28 U.S.C. § 1915(b). After review of the Complaint, I conclude that this action must be summarily dismissed.

McArthur's § 1983 Complaint names as the only defendant "S.W.V.R.J.A. Duffield Jail." Compl. 1, ECF No. 1. McArthur alleges that after he tested positive for the COVID-19 virus, jail officials placed him in quarantine, but denied him some privileges allowed other inmates in that status. He was under quarantine for eleven days, rather than ten days. Officers set his meal trays and medications on the floor before serving them to him. Officers did not wear gloves or hairnets. Sometimes officers denied him cleaning supplies, and once the kitchen ran out of bread at

mealtime, so he did not receive bread. Sometimes he was denied razors, nail clippers, and clean laundry. For five days, he did not receive a shower, and on several days, he did not receive recreation time outside his cell. He did not have access to telephones and the "kiosk" (inmate communication system) as frequently as other quarantined inmates allegedly had. *Id.* at 7. All of these alleged violations of McArthur's rights occurred between September 21 and October 1, 2022. Finally, McArthur alleges that if jail officials had followed unspecified "jail rules and regulations for C.D.C. [he] would not have caught COVID after being in Duffield Jail custody for over a month!" *Id.* at 8. As relief in the lawsuit, he seeks three million dollars and legal fees.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

McArthur is apparently suing the Southwest Virginia Regional Jail Authority (SWVRJA) and/or the jail it operates in Duffield, Virginia. A local jail facility itself

cannot qualify as a person subject to being sued under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued."); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks, citation, and alteration omitted). Thus, McArthur has no actionable claim against the Duffield jail facility itself.

To the extent that McArthur also sues the jail authority as a defendant, his § 1983 claims fail on the facts he has alleged. Regional jail authorities and other "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The plaintiff must show that a policy promulgated by the jail authority was "the moving force" behind the deprivation of which he complains. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (internal quotation marks and citation omitted). The entity's official policy or custom must have played a part in the alleged violation of federal law. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985). McArthur has not stated facts showing that jail authority policies caused or influenced in any way the temporary denial of

privileges about which he complains. Indeed, he claims that other inmates received the privileges that he desired but was occasionally denied.

Because McArthur's § 1983 claims cannot proceed against the only defendants he has named, the SWVRJA and its Duffield jail facility, I will summarily dismiss the action without prejudice under 42 U.S.C. § 1997e(c)(1) for failure to state a claim. Such a dismissal leaves McArthur free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion.[1]

An appropriate Order will enter this day.

DATED: May 9, 2023

/s/ JAMES P. JONES
Senior United States District Judge

---

[1] The court's recognition of McArthur's opportunity to amend and resubmit his claims in a new and separate civil action should not be taken as a finding that his allegations, if particularized and directed against an appropriate defendant, might state a proper § 1983 claim against anyone.